82 F.3d 434
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mark L. RUBERT, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 95-3610.
 United States Court of Appeals, Federal Circuit.
 March 12, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
April 17, 1996.
 
 Before RICH, RADER, and BRYSON, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Mr. Rubert appeals the arbitrator's decision affirming the Navy's removal of him for threatening another employee. Because the arbitrator committed no harmful procedural error, this court affirms.
 
 
 2
 On September 29, 1994, the Navy removed Mr. Rubert from his position as a firefighter at the Naval Air Station Fallon for threatening another employee, Crash Chief Steven Hutchens. Under the collective bargaining agreement (agreement), Mr. Rubert filed a grievance challenging the Navy's removal decision.
 
 
 3
 The arbitrator conducted a two-day hearing, during which he received testimony from a number of eyewitnesses. At the conclusion of the hearing, the arbitrator affirmed the Navy's decision, relying on Mr. Hutchens's version of the altercation.
 
 
 4
 On appeal, Mr. Rubert raises three procedural deficiencies which he argues constitute harmful error. A procedural mistake may only vitiate an agency decision if the error is "harmful." Shaw v. United State Postal Service, 697 F.2d 1078, 1080 (Fed.Cir.1983). To be harmful, an error must "substantially impair [an] employee's rights." Id. The party challenging procedures below must show that a "harmful error" occurred and that absent the error a different conclusion would have been reached. Shaw, 697 F.2d at 1080.
 
 
 5
 Mr. Rubert argues that the arbitrator committed harmful error by (1) failing to render a decision within the agreement's thirty-day time limit, (2) permitting the preparation of a verbatim transcript of the hearing, and (3) failing to certify an index list for this court.
 
 
 6
 As to the eight-day delay in rendering a decision, Mr. Rubert points to no alleged harm. Moreover, he waived any right to protest this delay because he failed to make a timely objection. Gunn v. Veterans Admin. Medical Center, 892 F.2d 1036, 1039 (Fed.Cir.1990).
 
 
 7
 As to the transcript, Mr. Rubert also provides no evidence to support his claim that the production of a verbatim transcript of the arbitration resulted in "harmful error." Rather, generation of a transcript would appear to result in a more reliable decision.
 
 
 8
 As to the index, while the arbitrator did not provide this court with a certified index, this court remedied this deficiency by ordering both parties to stipulate to the record on appeal or to file an agreed statement. After the parties failed to reach an agreement, the court reviewed the indices and adopted the Navy's index as the record on review. Mr. Rubert failed to explain how this resolution has resulted in harm to his personal interests.
 
 
 9
 Consequently, Mr. Rubert did not demonstrate harmful error in any of the alleged procedural deficiencies.